**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERRIGO LIFE LLC, | |
| Plaintiff, | Case No. 1:25-cv-15161 |
| v. | |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A," | JURY TRIAL DEMANDED |
| Defendants. | |

**VERIFIED COMPLAINT**

Plaintiff Merrigo Life LLC ("Plaintiff") hereby brings the present action against Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, attached hereto (collectively, "Defendants") as follows:

**I.      JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Copyright Act 17 U.S.C. § 501, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer

1

shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products using infringing versions of Plaintiff's federally registered copyrighted works (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## II.      JOINDER OF DEFENDANTS IS PROPER UNDER RULE 20(a)(2)

3.      Joinder of the Defendants is proper under Federal Rule of Civil Procedure 20(a)(2) because (1) the claims asserted against each Defendant arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) the claims present common questions of law and fact.

4.      Each Defendant is a foreign online seller operating through one or more e-commerce platforms such as Amazon.com, Walmart.com, or similar online marketplaces (collectively, the "Online Marketplaces"). Each Defendant has advertised, offered for sale, distributed, or sold products that unlawfully reproduce, display, or otherwise infringe the same copyrighted works owned by Plaintiff (the "Copyrighted Works").  See **Exhibit 1**.

5.      Defendants' infringing conduct arises from a common nucleus of facts:

(a) all Defendants used identical or substantially identical copies of the Copyrighted Works in their product listings, advertisements, detail pages, packaging, or product displays;

(b) the infringing listings typically use the same photographs, artwork, graphic designs, text, or marketing materials copied verbatim from Plaintiff's Copyrighted Works; and

(c) Defendants operate through the same online marketplace systems, which facilitate nearly identical transaction processes, listing formats, payment systems, fulfillment mechanisms, and consumer-facing storefronts.

2

6. Courts in this District routinely hold that such parallel infringing conduct satisfies Rule 20(a)(2)(A) because it constitutes a "series of transactions or occurrences." See, e.g., *Estee Lauder Cosmetics Ltd. v. The Partnerships*, 334 F.R.D. 182, 185–87 (N.D. Ill. 2020) (joinder proper where sellers used identical product images and sold infringing goods on the same online marketplace); *Louis Vuitton Malletier, S.A. v. Partnerships*, No. 14-cv-4819, 2014 WL 7334200, at *3 (N.D. Ill. Dec. 22, 2014)* (similar). The same logic applies with equal force in copyright cases. See *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 962–63 (N.D. Cal. 2015) (joinder proper where defendants infringed the same copyrighted works through similar conduct and distribution channels).

7. The claims against all Defendants also raise common questions of law and fact under Rule 20(a)(2)(B), including:

(a) the validity and ownership of the Copyrighted Works;

(b) whether the works used by Defendants are unauthorized copies or derivative works;

(c) whether Defendants' use constitutes infringement under 17 U.S.C. §§ 106 and 501;

(d) whether Plaintiff is entitled to statutory damages, injunctive relief, and attorneys' fees; and

(e) whether Defendants acted willfully by reproducing and displaying the Copyrighted Works without authorization.

8. Therefore, joinder promotes judicial efficiency, avoids duplicative litigation, conserves party and judicial resources, and ensures consistent adjudication of Plaintiff's claims. Proceeding separately against each Defendant would impose substantial and unnecessary burdens on the Court and the parties, given that the evidence, legal issues, and remedies sought are materially identical across all Defendants.

9.      Accordingly, joinder of all Defendants in this action is proper under Rule 20(a)(2), and severance is unwarranted.

### III.      INTRODUCTION

10.      Plaintiff filed this case to prevent e-commerce store operators who trade upon Plaintiff's reputation and goodwill from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation.

11.      Plaintiff is forced to file this action to combat Defendants' infringement of its registered copyright, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through consumer confusion and dilution of its valuable copyright because of Defendants' actions and therefore seeks injunctive and monetary relief.

### IV.      THE PARTIES

12.      Plaintiff, Merrigo Life, LLC, is a Texas limited liability company with its principal place of business at 5900 Balcones Drive, Ste 100, Austin, Texas 78731, and is the owner of the copyright asserted in this action.

13.      Plaintiff designs, markets, and sells a full line of nature-inspired home décor such as ███████████████, exclusively    direct-to-consumer    through    its    website

4

(www.greenphilosophy.co) and its Amazon website.

14.    Plaintiff's co-founder, Lillian Lau's inspiration for Merrigo Life arose from a lifelong love for plants. As a student at UC Davis, she cultivated this passion by working in a plant lab and frequently visiting campus greenhouses.

15.    Despite her love for plants, Ms. Lau faced consistent challenges in maintaining thriving plants due to her busy lifestyle and frequent moves. These experiences of neglect and difficulty transporting plants fueled her desire for an alternative that could replicate the joy of plant ownership without the associated upkeep.

16.    After extensive prototyping, Ms. Lau finalized the design of the first "Succulent" pillow, achieving a product that aligned with her vision. The strong reception from friends and early customers validated both the product's appeal and the strength of the ███████████.

17.    Motivated by the success of the ███████████, the plaintiff founded Merrigo Life's predecessor, Green Philosophy Co., in 2018. The company's mission became to create timeless, nature-inspired home decor, offering a fresh and hassle-free way to bring the essence of plants into any living space.

18.    Aligning with the company's nature-inspired ethos, Plaintiff partners with Trees for the Future, planting a tree for every purchase made. This initiative reflects Plaintiff's dedication to environmental sustainability and giving back to the planet.

19.    Plaintiff's Copyrighted Work is registered with the United States Copyright Office. A true and correct copy of the records from the U.S. Copyright Office website for Plaintiff's Copyrighted Work is attached here as **Exhibit 1**.

20.    Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display

Plaintiff's Copyrighted Works to the public.

21.     On information and belief, Defendants listed in Schedule A attached hereto, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## V.     DEFENDANTS' UNLAWFUL CONDUCT

22.     The success of the Plaintiff has resulted in significant copying of Plaintiff's Copyrighted Work.  Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 2**.

23.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

24.     On information and belief, e-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities

6

and the scope of their e-commerce operation.

25.     E-commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by brand owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by brand owners, such as Plaintiff, and recommend that e-commerce operators liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

26.     Defendants' unauthorized copying of Plaintiff's Copyrighted Work in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff's goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)

27.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28.     Plaintiff's Copyrighted Work constitutes original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. § 101, et seq.

29.     Plaintiff is the owner of its Copyrighted Work.  Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for its Copyrighted Work.  Plaintiff's Copyrighted Work is protected by copyright registration numbers which were duly issued by the United States Copyright Office.  At all relevant times, Plaintiff has been, and still is, the owner of all rights, title,

and interest in Plaintiff's Copyrighted Work, which has never been assigned, licensed, or otherwise transferred to Defendants.

30.     Plaintiff's Copyrighted Work is published on the internet and available to Defendants online.  As such, based on information and belief, Defendants had access to Plaintiff's Copyrighted Work via the internet.

31.     Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, and/or made derivative works incorporating Plaintiff's Copyrighted Work on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products.  Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Plaintiff's Copyrighted Work.  Such conduct infringes and continues to infringe Plaintiff's Copyrighted Work in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)-(3), and (5).  A compilation of invoices for each Product ID/ASIN associated with each Defendant is attached as **Exhibit 3**. The side-by-side comparison of each accused product (**Exhibits 2 and 3**) against the Copyrighted Work (**Exhibit 1**) demonstrates that every version offered, sold, or distributed by Defendants is identical or, at minimum, substantially identical derivative work.

32.     Defendants reap the benefits of the unauthorized copying and distribution of Plaintiff's Copyrighted Work in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

33.     Defendants have unlawfully appropriated Plaintiff's protectable expression by taking the material of substance and value and creating Unauthorized Products that capture the total concept and feel of Plaintiff's Copyrighted Work.

34.     On information and belief, Defendants' infringement has been willful, intentional,

purposeful, and in disregard of and with indifference to Plaintiff's rights.

35.     Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

36.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Plaintiff's Copyrighted Work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1)     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

  a.   reproducing, distributing copies of, making derivative works of, or publicly displaying Plaintiff's Copyrighted Work in any manner without the express authorization of Plaintiff;

  b.   passing off, inducing, or enabling others to sell or pass off products as Plaintiff's Products or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale bearing Plaintiff's Copyrighted Work;

  c.   committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.   further infringing Plaintiff's Copyrighted Work and damaging Plaintiff's goodwill; and

    e.   manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's Copyrighted Work;

2)    Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms such as Amazon shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear Plaintiff's Copyrighted Work;

3)    That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5);

4)    As a direct and proximate result of Defendants' infringement of Plaintiff's Copyrighted Work, Plaintiff is entitled to damages as well as Defendants' profits (equitable), pursuant to 17 U.S.C. § 504(b);

5)    Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

6)    That Plaintiff be awarded its reasonable attorneys' fees and costs or bringing this action pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1117(a); and

7)    Award any and all other relief that this Court deems just and proper.

DATED:  December 12, 2025                        Respectfully Submitted,

                                                  /s/ Sameeul Haque
                                                    Sameeul Haque
                                                    samee@h3lp.law
                                                    Saman Haque
                                                    saman@h3lp.law
                                                    Haque III Legal Practice, LLC
                                                    205 N. Michigan Ave., Ste. 810
                                                    Chicago, IL 60601
                                                    T: 847.401.6113

                                                    *Counsel for Plaintiff, Merrigo Life, LLC*

## **VERIFICATION**

I, Lillian Lau, hereby certify as follows:

1.      I am the Chief Executive Officer for Merrigo Life LLC.  As such, I am authorized to make this Verification on Merrigo Life LLC's behalf.

2.      I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3.      I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in ___Carrollton, Texas___ , on December 10th, 2025.

_____

Lillian Lau
Chief Executive Officer